**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:19-cr-05047-MDH-1** |
| | ) | |
| **RANDY E. FORSYTHE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Before the Court is Defendant's pro se Motion to Reduce Sentence. (Doc. 68). The Government opposes Defendant's motion. (Doc. 73). Defendant has failed to file a reply, and the time to do so has elapsed. The matter is now ripe for adjudication on the merits. For the reasons stated below, Defendant's pro se Motion to Reduce Sentence is **DENIED**.

On October 1, 2019, Defendant was indicted by a grand jury on one count of conspiracy to distribute fifty grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) (Count One); and three counts of distribution of five grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Counts 2, 3, and 4). A superseding indictment filed October 6, 2020, added one count of unlawful transport of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Five).

On October 25, 2021, pursuant to a plea agreement with the Government, Defendant pled guilty to Count One. Under the Sentencing Guidelines, Defendant's total offense level was 27, his criminal history score was 22, his criminal history category was VI, and his advisory guidelines range was 130 to 162 months' imprisonment. Defendant was sentenced to 144 months' imprisonment followed by five years of supervised release. Defendant did not appeal

his sentence. Defendant now moves for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 to the U.S. Sentencing Guidelines.

18 U.S.C. § 3582(c) governs modification of terms of imprisonment. As is relevant to Defendant Forsythe, the statute prohibits modification of an imprisonment term except

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(2). Amendment 821 Part A "limits the overall criminal history impact of 'status points' (i.e., the additional criminal history points given to defendants for . . . having committed the instant offense while under a criminal justice sentence . . . ." U.S. Sent'g Comm'n, *Amendment to the Sentencing Guidelines: Retroactive Application of Parts A and B, Subpart 1 of Amendment 821* (Aug. 31, 2023), https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf. When Defendant was sentenced, Section 4A1.1(d) of the U.S. Sentencing Guidelines allotted two additional criminal history points to a defendant who "committed the instant offense while under any criminal justice sentence." U.S.S.G. § 4A1.1(d) (2021). In 2023, the Sentencing Commission changed this provision, styled as § 4A1.1(e), to add only one criminal history point to a defendant who committed the offense under a sentence and already has been assessed seven or more criminal history points. U.S.S.G. § 4A1.1(e). A defendant assessed six or less criminal history points receives no additional points under this new section. *Id.* These provisions became retroactive in 2024.

If Defendant were sentenced today under the new guidelines, only his criminal history score would change. It would be reduced from 22 to 21. His criminal history category would remain VI, and his guidelines range would remain 130 to 162 months' imprisonment. U.S.S.G. § 1B1.10(a)(2) provides that a sentence reduction is not available where "an amendment . . . does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10(a)(2)(B). Therefore, Defendant is not eligible for sentence reduction.

WHEREFORE, after careful consideration of the record before the Court, Defendant's pro se Motion to Reduce Sentence is hereby **DENIED**.

**IT IS SO ORDERED**.

DATED: November 24, 2026

*<u>/s/ Douglas Harpool</u>*

**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**